**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BART M. GRISSOM,** | ) | |
| **#B89136 and #310364,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-00115-JPG** |
| | ) | |
| **SHERIFF RICHARD WATSON,** | ) | |
| **DOCTOR GREEN,** | ) | |
| **C/O WILLIAMS,** | ) | |
| **SGT. BROWN,** | ) | |
| **and C/O LADANTE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Bart Grissom, an inmate who is currently in the custody of the Illinois Department of Corrections and incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations arising from the alleged use of excessive force against him and subsequent denial of medical care by the defendants at St. Clair County Jail. (Doc. 1, pp. 1-11). He seeks monetary and injunctive relief. *Id.*

The Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A, which requires screening of prisoner complaints and dismissal of portions that are legally frivolous or malicious, fail to state a claim for relief, or seek money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b). The factual allegations in the *pro se* Complaint are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816 (7th Cir. 2009).

1

**The Complaint**

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 5-10): When he entered St. Clair County Jail on August 20, 2025, Plaintiff requested medical treatment for his injured shoulder during booking. *Id*. at 5. Plaintiff explained that he could not move it, and he suspected a torn rotator cuff. He also informed a nurse and officers at booking that he needed fusion surgery on his left ankle. Plaintiff said he received a recommendation for the procedure in 2000, but he could not afford it. The nurse put him in to see the doctor. *Id*.

Plaintiff remained in booking from noon until 8:00 p.m. on August 20, 2025. *Id*. at 6. C/O LaDante and C/O Williams were working there at the time. When C/O LaDante asked Plaintiff to step out of his cell, Plaintiff again asked for medical attention from a doctor or nurse. Instead of helping him, C/O LaDante and C/O Williams hit him several times and dragged him into the hallway. *Id*. at 5-6. C/O LaDante ordered Plaintiff to "do as he says, or he will "knock [Plaintiff] the fuck out." *Id*. C/O LaDante then instructed C/O Williams to "take [Plaintiff's] legs out." *Id*. at 6. After knocking him to the floor, the officers stomped on his ring finger and pinky finger until both fingers broke. They pulled his "surgically repaired knee" over his back and head. *Id*. Sergeant Brown then ran down the hall with a taser gun, placed his knee onto the back of Plaintiff's head, and busted Plaintiff's nose against the floor, causing blood to flow everywhere. An officer then placed a knee to his lower back, which he broke four years earlier.

After assaulting Plaintiff, the officers took him to the nurses' station, where a nurse instructed them to take Plaintiff to a hospital for treatment. C/O Bush drove Plaintiff to St. Elizabeth's Hospital in Shiloh, Illinois, where he was diagnosed with a broken nose, two broken fingers, and a hematoma. Treatment of his injuries took ten hours. Drainage of the hematoma required insertion of a needle up his nose to drain the blood. Although Plaintiff told his medical

2

providers that he needed left ankle fusion surgery and treatment of his shoulder injury, they declined to evaluate or treat either injury because they were not authorized to do so. *Id*. at 7.

After returning to the Jail, Plaintiff was housed in the infirmary for two weeks. He was then transferred to the gym, where he was housed with forty other inmates. These inmates had access to only one toilet, one sink, and no beds. He was forced to sleep on the floor, where he was bitten by spiders and insects. Plaintiff could not walk up or down stairs to access food, medication, or showers because of his ankle injury. He complained, but was ignored. The "Jail" took x-rays of his two fingers and confirmed both were broken. "They" did nothing to treat the fractures, and his fingers are now crooked. They failed to treat his broken nose, and it healed improperly. His nose is also crooked. In addition, Plaintiff suffered from headaches, memory loss, and nightmares. He never received treatment for these injuries, his ankle, or his shoulder. Major Grimes explained that treatment would be delayed until he transferred to prison. Plaintiff claims that these acts "may" have been in retaliation for filing a lawsuit against "them" in February 2024. *Id*. at 7.

### **Preliminary Dismissals**

Plaintiff identifies two defendants in the Complaint and makes no allegations against them: Sheriff Richard Watson and Doctor Green. If a plaintiff fails to include the name of a defendant in his statement of claim or make any allegations against them, that defendant cannot be said to have notice of which claims, if any, are directed against the party. FED. R. CIV. P. 8(a)(2). In other words, merely invoking the name of a potential defendant is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Defendants Watson and Green will be dismissed from this action without prejudice.

Plaintiff mentions the following individuals in the statement of his claim but does not identify them as defendants in the Complaint: booking nurse, booking officers, C/O Bush, Major

3

Grimes, other nurses, outside medical providers, St. Elizabeth's Hospital, and St. Clair County Jail. The Court will not treat these individuals or entities as defendants, and all claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

## Discussion

The Court deems it appropriate to organize the *pro se* Complaint into the following enumerated counts:

**Count 1:**   Defendants LaDante, Williams, and Brown used excessive force against Plaintiff on or around August 20, 2025, in violation of his rights under the Eighth or Fourteenth Amendment.

**Count 2:**   Defendants LaDante, Williams, and Brown delayed or denied medical treatment for Plaintiff's ankle and shoulder injuries on or around August 20, 2025, in violation of his rights under the Eighth or Fourteenth Amendment.

**Count 3:**   Defendants delayed or denied medical care for Plaintiff's assault-related injuries following his return from St. Elizabeth's Hospital on or around August 20-21, 2025, in violation of his rights under the Eighth or Fourteenth Amendment.

**Count 4:**   Defendants subjected Plaintiff to unconstitutional living conditions when they housed him with forty other inmates in the gymnasium on or around September 2025, in violation of his rights under the Eighth or Fourteenth Amendment.

**Count 5:**   Defendant "may" have retaliated against Plaintiff for filing a lawsuit against them in February 2024, in violation of his rights under the First Amendment.

**Any claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Counts 1 through 4**

Counts 1, 2, 3, and 4 are governed by the Fourteenth Amendment, if Plaintiff was a pretrial detainee when the events giving rise to this action occurred.  To articulate a claim in this context, a pretrial detainee must generally set forth allegations suggesting that each defendant acted purposefully, knowingly, or perhaps even recklessly in response to conditions posing an excessive risk to his health or safety and that each defendant's actions were objectively unreasonable.  *See Kingsley v. Henderson*, 576 U.S. 389 (2015) (Fourteenth Amendment excessive force claim); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018) (Fourteenth Amendment medical care claim); *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019) (Fourteenth Amendment conditions of confinement claim).

Counts 1, 2, 3, and 4 are instead governed by the Eighth Amendment, if Plaintiff was a convicted prisoner at the time his claims arose.  To bring a claim in this context, a prisoner must allege that each defendant acted with deliberate indifference to an excessive risk to his health or safety.  *See Lewis v. Downey*, 581 F.3d 467 (7th Cir. 2009) (Eighth Amendment excessive force claim); *Estelle v. Gamble*, 429 U.S. 97 (1976) (Eighth Amendment medical care claim); *Farmer v. Brennan*, 511 U.S. 825 (1994) (Eighth Amendment conditions of confinement claim).

The allegations satisfy both standards for the excessive force claim (Count 1) and denial of medical care claim (Count 2) against C/O LaDante, C/O Williams, and Sergeant Brown.  When Plaintiff requested medical care for his injured ankle and shoulder, these officers allegedly beat him for requesting treatment.  Counts 1 and 2 survive screening against all three defendants, and the applicable legal standard for these claims can be determined during discovery.  Counts 1 and 2 shall be dismissed without prejudice against all other defendants.

5

Counts 3 and 4 shall also be dismissed. Plaintiff identifies no defendants in connection with either claim. He only refers to the "jail," alleging that "they" ignored his requests for medical treatment and his complaints about his living conditions after returning from the hospital. These vague allegations are not enough to establish personal involvement in a constitutional deprivation by any particulate defendant. Accordingly, Counts 3 and 4 are dismissed without prejudice against all defendants.

### Count 5

Plaintiff vaguely alleges that the acts described in his Complaint "may" have been in retaliation for filing a lawsuit against "them" in February 2024. (Doc. 1, p. 7). This vague allegation falls short of satisfying the pleading standards described in *Twombly* and Rule 8. The retaliation claim shall also be dismissed without prejudice against all defendants.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, and the following claims are subject to further review:

- **COUNTS 1** and **2** against **C/O LaDONTE, C/O WILLIAMS**, and **SERGEANT BROWN.**

**IT IS ORDERED** that all other claims and defendants are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. This includes **COUNTS 3, 4,** and **5** against **ALL DEFENDANTS**.

**Because one or more claims arise from the denial of medical care, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

With regard to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **LADANTE, WILLIAMS,** and **BROWN**, in their individual capacities: (1) Form 5 (Notice of a

6

Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to SDIL-Local Rule 8.1, Defendants should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his

7

whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will delay the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 6/11/2026**

**J. PHIL GILBERT**
**United States District Judge**

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter their appearances and file Answers to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Answers, but it is entirely possible that it will take **90 days** or more. When all Defendants have file Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' attorneys have filed appearances will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.